UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES                         CRIMINAL ACTION

VERSUS

BOBBY B. DONAHUE                 NO.: 05-00214-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for Reconsideration of Order Denying Motion to Reduce Sentence (Doc. 106)** and **Motion for Modification and Reduction of Sentence (Doc. 110)** filed by Defendant, Bobby Donahue. The Government opposes both motions. (Docs. 121, 123). For the following reasons, Defendant's motions are **DENIED**.

### I. BACKGROUND

Defendant pleaded guilty to a four-count superseding indictment on June 7, 2006. (Doc. 42). On March 20, 2008, the Court sentenced Defendant to a term of imprisonment of 210 months on each count, to run consecutively, followed by a five-year term of supervised release. (Doc. 64). Defendant unsuccessfully appealed. (*See* Docs. 77, 90). The Court denied two previous motions for a reduction of his sentence. (*See* Docs. 97, 102).

Defendant's motion for reconsideration requests that the Court reverse its decision to deny relief under Amendment 782, which was raised in Defendant's second motion for reconsideration. (Doc. 106 at p. 1). Defendant's third motion for a

sentence reduction argues that he is entitled to a mitigating role adjustment under U.S.S.G. § 3B1.2, pursuant to Amendment 794 of the sentencing guidelines. (Doc. 110).

## II. LEGAL STANDARD

This Court has discretion under 18 U.S.C. § 3582(c)(2) to modify a sentence that is based on a sentencing range that the Sentencing Commission subsequently lowers. *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (per curiam).

First, the Court must determine whether Defendant would have been eligible for a reduction if the amended guidelines range had been in effect at the time of Defendant's sentencing. *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Garcia*, 655 F.3d 426, 430 (5th Cir. 2011). In making this determination, the Court does not revisit the factual determinations made at sentencing. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). If the Court determines that Defendant would have been eligible for the reduction, then the Court may, in its discretion, determine whether a reduction is appropriate after considering the applicable § 3553(a) factors. *Garcia*, 655 F.3d at 431.

## III. DISCUSSION

### A. Motion for Reconsideration

Defendant has not raised any argument that the Court failed to consider when denying his original motion for reconsideration under Amendment 782. Amendment 782 lowered the base offender level for many drug offenses. *See United States v. Hernandez*, 647 F. App'x 426, 427 (5th Cir. 2016) (unpublished) (per curiam). In its

statement of reasons, the Court found that "[D]efendant's original offense level was not based on the amount of drugs involved in his offense. His original calculation was based on the Court's determination that he is a career offender within the meaning of USSG § 4B1.1 . . . . Amendment 782 does not have the effect of lowering the defendant's applicable guideline range." (Doc. 103 at p. 1). Defendant does not provide the Court with any reason to disturb its previous ruling.

### B. Mitigating Role Adjustment

"Amendment 794 left the text of § 3B1.2 unchanged but made various revisions to the commentary," and it "introduced a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment." *United States v. Gomez–Valle*, 828 F.3d 324, 328 (5th Cir. 2016). However, Defendant does not qualify for a mitigating role adjustment because he was sentenced as a career offender under U.S.S.G. § 4B1.1. (*See* Doc. 104 at ¶ 28). The United States Court of Appeal for the Fifth Circuit has held that a defendant with career offender status is ineligible for the minor role reduction under Section 3B1.2. *United States v. Cashaw*, 625 F.3d 271, 273–74 (5th Cir. 2010). Amendment 794 has no effect on this binding precedent; therefore, Defendant remains ineligible for a minor role reduction.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 106) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Modification and Reduction of Sentence (Doc. 110) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Petition for Status of Case (Doc. 119) is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 9th day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**